## FULLER v. UNITED STATES.
### No. 11612.

United States Court of Appeals
Ninth Circuit.

Nov. 5, 1948.

Harold J. Butcher and George B. Grigsby, both of Anchorage, Alaska, for appellant.

Raymond E. Plummer, U. S. Atty., and J. Earl Cooper, Asst. U. S. Atty., both of Anchorage, Alaska, for appellee.

Before. MATHEWS, HEALY, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Almond G. Fuller, killed his mistress, Jean Mackey, at Anchorage, Alaska, on July 19, 1946. He was indicted for murder in the second degree,[1] was arraigned, pleaded not guilty and was tried. At the trial, 14 witnesses testified, and 17 exhibits were admitted in evidence. Appellant moved the court to instruct the jury to find him not guilty of murder in the second degree. The motion was denied. Appellant was found guilty of murder in the second degree, and judgment was entered sentencing him to be imprisoned for 24 years. This appeal is from that judgment.

Three alleged errors are specified—the admission of exhibits 1 and 2, the admission of exhibit 13 and the denial of the motion to instruct the jury to find appellant not guilty of murder in the second degree.

First. Exhibits 1 and 2 are not before us. They were not designated for inclusion, and were not included, in the record on appeal.[2] They were not transmitted, nor has appellant sought to have them transmitted, to this court.[3] However,

---

[1] See § 4759 of the Compiled Laws of Alaska, 1933.

[2] See Rule 75(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Rule 39(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

[3] See Rule 75(i) of the Federal Rules of Civil Procedure and Rule 39(b) of the Federal Rules of Criminal Procedure.

from the testimony in the record, it appears that exhibits 1 and 2 were photographs of Jean Mackey's dead body. Appellant's objection to their admission was that they were "calculated to arouse the passion and prejudice of the jury." The record discloses no basis for the objection.

■ Second. Exhibit 13, a written statement signed by appellant on August 2, 1946, was admitted in evidence without objection.[4] Appellant's brief calls exhibit 13 an involuntary confession. It was not a confession. It did, however, contain admissions tending to incriminate appellant.[5] As to whether it was voluntary or involuntary, the evidence was conflicting. The court submitted the question to the jury in and by the following instructions:

"Upon offer of the Government there has been admitted in evidence a written statement marked Plaintiff's Exhibit No. 13 signed by the defendant [appellant] on the day of his arrest while said defendant was in the custody of the officers of the law, and that statement is relied upon in part by the Government to establish the guilt of the defendant of the crime charged against him.

"You are instructed that such a statement containing admissions against interest made by one charged with crime should be carefully scrutinized and received with caution, and that rule applies to Plaintiff's Exhibit No. 13. Although when made voluntarily and deliberately and with full knowledge and understanding of its contents, such a statement may be considered as evidence against the person making it, the same as any other evidence, if such a statement is made by one in custody under such circumstances as show that he was induced to make the same by fear or by intimidation exercised by the persons who had him in charge, or under circumstances that show in any fashion that the statement was 'not freely and voluntarily made, or under circumstances that indicate lack of under-

standing on the part of the person making such a statement as to the nature and contents thereof, then the statement must not be considered as evidence against the person making it.

"In this case, unless you find beyond reasonable doubt that the written statement so made by the defendant while said defendant was in custody was freely and voluntarily made, and unless you further find that the defendant thoroughly understood the nature of the statement and the contents thereof, and that he was under no obligation of any kind to make it, then you must disregard said written statement and not consider the same as any evidence whatever against the defendant.

"But the mere fact that the statement was made by the defendant while he was under arrest and in custody is not sufficient to exclude said statement as evidence or prevent you from considering the same provided you find beyond reasonable doubt that the statement was made by the defendant freely and voluntarily without coercion, fear or intimidation, and provided you further find that the defendant at said time understood and knew the contents thereof. If you find that the defendant made said statement freely and voluntarily and with understanding of its contents, then you may consider such statement precisely as you would any other evidence coming before you, giving to such statement the weight and value you think just and right."

Appellant did not, in the court below or here, make any objection to any of these instructions.

We conclude that the admission of exhibit 13 in evidence was not error.

■ Third. The ground on which appellant moved the court to instruct the jury to find him not guilty of murder in the second degree was that there was "insufficient evidence to submit to the jury to justify a verdict of murder in the second degree." Section 4759 of the Compiled Laws of Alas-

---

[4] At the time exhibit 13 was admitted, the court, apparently believing that there was an objection to its admission, said: "Objection will be overruled." Actually, there was no objection. After exhibit 13 had been admitted and read to the jury, appellant's counsel said: "We re-new our objection to the statement, your Honor, made under duress." The court then said: "Objection overruled." The objection thus purportedly renewed and overruled was never made.

[5] See 31 C.J.S., Evidence, § 270, page 1023.

ka, 1933, provides that, with inapplicable exceptions, whoever purposely and maliciously kills another is guilty of murder in the second degree. The evidence in this case showed that appellant killed Jean Mackey and showed or tended strongly to show that he did so purposely and maliciously. The motion to instruct the jury to find appellant not guilty of murder in the second degree was properly denied.

Judgment affirmed.